JS-6
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-969 PSG (SSx) | Date | March 31, 2009 |
|---|---|---|---|
| Title | Aura Sys., Inc. v. Loeb & Loeb | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                              Not Present

**Proceedings:**     (In Chambers) Order Remanding Case to State Court

Before this Court is Plaintiff's motion to remand. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the motion.

I.    Background

Aura Systems, Inc. ("Plaintiff") alleges that Defendants Loeb & Loeb ("Loeb") and Ron Bender and his firm Levene, Neale, Bender, Rankin & Brill LLP (collectively, "Bender") committed legal malpractice and breached their fiduciary duty in connection with their representation of Plaintiff in Chapter 11 bankruptcy proceedings.

    A.    The Bankruptcy Proceedings

In June 2005, Plaintiff, a company specializing in the design and production of a mobile power generation system, filed a voluntary petition under Chapter 11 of the Bankruptcy Code. *See* Case No. 05-24550-SB (Bankr. C.D. Cal.). Bender was retained to represent Plaintiff in the Chapter 11 proceedings, and Loeb was retained as special securities counsel to advise Plaintiff on securities-related transactions arising out of its bankruptcy. The retention of both firms was approved by the Bankruptcy Court.

In January 2006, Plaintiff's First Amended Plan of Reorganization ("the Plan") was approved by the Bankruptcy Court. The Plan provided for a debt structure valuation under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-969 PSG (SSx) | Date | March 31, 2009 |
|---|---|---|---|
| Title | Aura Sys., Inc. v. Loeb & Loeb | | |

which Plaintiff would provide its creditors and investors with a combination of post-bankruptcy shares and three-year warrants.  The warrants were prepared by Loeb and delivered to Plaintiff.  The Plan became effective on January 31, 2006, and Plaintiff began issuing the warrants.  On December 7, 2007, the Bankruptcy Court entered an order closing Plaintiff's case.

      B.     The Instant Action

After issuing millions of warrants, Plaintiff discovered that a five-year term, rather than the three-year term prescribed by the Plan, was erroneously included in the warrant agreements.  Plaintiff claims that it did not learn of this error until December 2007.  The instant lawsuit alleges that Defendants negligently failed to prevent the issuance of the warrants with the erroneous term.  Plaintiff also claims that Defendants breached their fiduciary duty by charging Plaintiff wrongful and excessive fees.

Plaintiff initiated this action in Los Angeles Superior Court on December 1, 2008 and filed its First Amended Complaint on December 5, 2008.  Bender removed the case to this Court on February 9, 2009 on the grounds that it "arises in" or "relates to" Title 11 proceedings.  Plaintiff now moves to remand this action to state court, arguing that (1) removal was procedurally improper and (2) the Court lacks subject matter jurisdiction.

II.     Legal Standard

"Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure."  William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, Federal Civil Procedure Before Trial § 2:1084 (The Rutter Group 2008); 28 U.S.C. § 1447(c).  A motion to remand on the basis of a procedural defect must be made within thirty days of filing of the notice of removal.  28 U.S.C. § 1447(c).  If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction, it must remand the action to state court. *See id.*; *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991).  There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected.  *Id.*

III.     Discussion

JS-6
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-969 PSG (SSx) | Date | March 31, 2009 |
|---|---|---|---|
| Title | Aura Sys., Inc. v. Loeb & Loeb | | |

Plaintiff contends that removal was improper because Defendant Loeb did not join in the notice of removal. Bender argues that Loeb's consent to removal was not required because Plaintiff's claims against Bender are "separate and independent" from the claims against Loeb.

Generally, all defendants must join in a notice of removal, except for nominal, unknown, or fraudulently joined parties. *See* 28 U.S.C. § 1446(a); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). However, when the removed claim is "separate and independent" from one or more otherwise nonremovable claims against other defendants, their joinder is not required. *See* 28 U.S.C. § 1441(c); Schwarzer, et al. § 2:979. Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Thus, when the claims against the removing party are "separate and independent," defendants who are party to only nonremovable claims need not join in the notice of removal. Schwarzer, et al. § 2:981.1; *see also Moscovitch v. Danbury Hosp.*, 25 F. Supp. 2d 74, 78 (D. Conn. 1998). Put differently, § 1441(c) provides an exception to the unanimity rule when the nonjoining defendants are party to *only* state law claims. *See* Schwarzer, et al. § 2:795 (defining "non-removable" claims as those lacking diversity and not arising under federal law). The purpose of § 1441(c) is to prevent a plaintiff from defeating a defendant's right to remove by joining a removable claim with a separate and independent claim that is not removable (*i.e.*, a state law claim). *Ehrlich v. Oxford Ins. Co.*, 700 F. Supp. 495, 497 (N.D. Cal. 1988). Similarly, the rationale for the "separate and independent claim" exception to the unanimity rule is that "there is no reason to require a demand for removal by a defendant whose claim affords no basis for removal." *Manis v. N. Am. Rockwell Corp.*, 329 F. Supp. 1077, 1078 (C.D. Cal. 1971).

However, joinder of *all* defendants who are entitled to remove the action is required even if the removing defendant's claims are "separate and independent." Schwarzer, et al. § 2:081.1 (citing *Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248, 20 S. Ct. 854, 44 L. Ed. 1055 (1900)); 16 Moore's Federal Practice § 107.11[1][d] (3d ed) ("If removal is based on the presence [of] a separate and independent claim, . . . only those defendants who are defendants to the removable claim must join in the removal notice."); *Moscovitch*, 25 F. Supp. 2d at 78 ("only the defendants who have the right to remove the action to federal court are

**JS-6**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-969 PSG (SSx) | Date | March 31, 2009 |
|---|---|---|---|
| Title | Aura Sys., Inc. v. Loeb & Loeb | | |

required to consent to the removal"); *Zaustinsky v. Allied Van Lines, Inc.*, No. C 95-20848, 1996 WL 193856, at *2 (N.D. Cal. Apr. 18, 1996) ("Removal under 28 U.S.C. § 1441(c) only requires joinder of the defendants named in the federal claim, i.e., the 'separate and independent claim.'"); *Parisi v. Rochester Cardiothoracic Assocs., P.C.*, No. CIV-91-6387T, 1992 WL 470521, at *1-2 (W.D.N.Y. June 29, 1992) (collecting cases). Thus, if a defendant to one or more removable claims refuses to consent to removal, unanimity is destroyed and removal is improper. *E.g., Parisi*, 1992 WL 470521, at *2; *Rembrant, Inc. v. Phillips Const. Co., Inc.*, 500 F. Supp. 766, 769 (C.D. Ga 1980) ("Even assuming the two claims are separate and independent, the issue raised is whether removal on a petition not joined in by all defendants is sanctioned under section 1441(c) when neither claim is of a nonremovable character and plaintiff has asserted no other removable claim. The inquiry must be answered negatively."); *Manis*, 329 F. Supp. at 1078 ("The court holds that the presence of a separate and independent non-removable claim does not obviate the need for joinder in the petition for removal by all defendants against whom removable claims have been pleaded.").

Here, Plaintiff alleges claims for malpractice and breach of fiduciary duty against both Loeb and Bender. Bender argues that these claims are removable under 28 U.S.C. §1334(b), which gives federal courts concurrent jurisdiction over all civil proceedings "arising in" or "related to" cases under Title 11. Assuming, *arguendo*, that the malpractice and breach of fiduciary duty claims against Bender are in fact removable pursuant to § 1334(b), then so too are the claims against Loeb. Accordingly, the exception to the unanimity rule provided by § 1441(c) is inapplicable here. Even if the claims against Bender are "separate and independent," Loeb's joinder in the notice of removal was necessary because it is party to a federal claim. *See Manis*, 329 F. Supp. at 1078; *Rembrandt*, 500 F. Supp. at 769. As all Defendants in this action are party to removable claims, the right to remove belongs to them *jointly*. *See* Schwarzer, et al. § 2:611. Because Loeb refused to exercise that right and join in the removal notice, removal was improper. *See Manis*, 329 F. Supp. at 1078; *Rembrandt*, 500 F. Supp. at 769; *Parisi*, 1992 WL 470521, at *2. Therefore, Plaintiff's motion to remand is GRANTED, and the Court need not reach the questions of whether Plaintiff's claims against Bender are "separate and independent" of those against Loeb or whether the claims "arise in" or "relate to" proceedings under Title 11.

IV.    Conclusion

For the foregoing reasons, this action is REMANDED to state court. Accordingly, all hearing dates in this action are VACATED.

**JS-6**
**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-969 PSG (SSx) | Date | March 31, 2009 |
|---|---|---|---|
| Title | Aura Sys., Inc. v. Loeb & Loeb | | |

**IT IS SO ORDERED.**